[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS'MOTION FOR SUMMARY JUDGMENT
The plaintiff, Osler Foote, was employed as a private contractor on July 12, 1991. On that date he sustained an injury to his left thumb when an unidentified patron of the Buena Vista Golf Course in the Town of West Hartford hit a golf ball toward the roof of an adjacent building on which the plaintiff was working. The plaintiff has brought suit against Barry M. Feldman, the Town Manager of West Hartford, and James Capodiece, Director of the West Hartford Department of Leisure Services, claiming that they were negligent and that their negligence was the cause of his injury.
As to both these defendants, plaintiff claims they were negligent as follows:
a. In that they failed to promulgate rules and regulations of safe conduct for golfers who used the subject golf course; and,
b. In that they failed to enforce rules and regulations of safe conduct amongst the golfers who used the subject golf course; and,
c. In that they failed to prohibit unsafe conduct by golfers who used the subject golf course; and, CT Page 11324
d. In that they failed to take reasonable measures to protect members of the general public, such as, and including the plaintiff, from the negligent or reckless or intentional misconduct of golfers while on the subject golf course although they knew or should have known that such misconduct occurred and/or was likely to occur and would endanger persons such as the plaintiff; and,
e. In that they failed to provide or establish supervision and/or adequate and effective supervision of the golfers who utilized the subject golf course; and
f. In that they knew or should have known that the design of the subject golf course is defective in that it causes and/or allows persons who are playing golf on the golf course to drive and project golf balls off of the subject golf course, where they can and will strike persons such as the plaintiff; and
g. In that they failed to discover and correct the improper design and/or maintenance of the subject golf course; and,
h. In that they failed to erect any barriers or protective devices on or adjacent to the subject golf course in order to protect members of the public, such as, and including, the plaintiff from being struck by golf balls driven off of the subject golf course; and,
i. In that they failed to warn the plaintiff of the dangerous conditions of the subject golf course.
The defendants have moved for summary judgment for three reasons: First, they claim there existed no duty owed to the plaintiff upon which an action in negligence may be based; Second, they claim that the doctrine of governmental immunity bars liability as to them; Third, they claim that General Statutes § 52-557n(b) bars any liability as to them.
First, the court finds that neither of the defendants had a duty to this plaintiff. The affidavit of Barry Feldman shows that his duties did not include care, management and/or day-to-day operation of the municipal golf course on Buena Vista Road. His duties did not include the direct supervision, regulation or control of persons using the golf course or of any of the activities of the course. The affidavit of James Capodiece shows that his duties did not include the care, management and/or day-to-day CT Page 11325 operation of the golf course, nor did they include the direct supervision, regulation or control of persons using the course or any of the activities on the course. Nor did they include responsibility for the design or lay-out of the course. In fact, Capodiece's affidavit indicates that one John Zullo had responsibility for supervision of the starters and rangers at the course. The plaintiff has failed to supply any affidavits or documents which would indicate what duties these two defendants had toward the plaintiff.
Plaintiff argues that because Feldman and Capodiece had responsibility for overall administration of all town services and all recreational services, they owed a duty to this plaintiff sufficient to maintain a private action in negligence. The court disagrees.
The public duty rule as enunciated in Shore v. Stonington,187 Conn. 147 (1982) dictates that a breach of a duty owed the public, such as the provision of public recreation, must be redressed, if at all, in some form of public prosecution unless the circumstances involves one of three public policy exceptions.
One exception is where "it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." Shore, at 153. Another exception applies in those instances where "a statute may specifically provide for a cause of action against an official or municipality for failure to enforce certain laws such as those designed to prevent disturbance of the peace by riotous assemblies. See, e.g., Sestito v. Groton, 178 Conn. 520, 523-24
(1979). The third exception to the general rule of immunity arises with situations involving malice, wantonness or intent to injure. Shore, at 155. The complaint fails to allege any of these exceptions.
Second, the plaintiff asserts that because the duties of Feldman and Capodiece were ministerial, as opposed to discretionary, they are not entitled to immunity from liability. The court disagrees with this argument.
The responsibilities of Barry Feldman as Town Manager included overall administration of all town services. The job responsibilities of James Capodiece as Director of Leisure Services was to supervise various municipal employees, who in turn were responsible for various facilities, programs and/or CT Page 11326 services. Clearly, the defendants' functions as supervisors called for exercise of judgment which is the essence of a discretionary function. Thus, these defendants who engaged in discretionary activities are protected from tort liability. Heiglv. Board of Education, 218 Conn. 1 (1991).
Third, the court finds that General Statutes § 52-557n bars liability in this case. That statute provides in pertinent part as follows:
§ 52-557n(a)(2) "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
"(b) . . . a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision . . . "
Plaintiff argues that the defendants caused his injuries and not the unidentified golfer. Yet the plaintiff has provided no affidavits or other evidence to support this claim. The incident report of the West Hartford Police Department supports defendants' claim that the plaintiff was injured by the act of someone other than the defendants.
The Motion for Summary Judgment is granted.
Allen, State Judge Referee